**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANA MARIA SOLEDAD BERRIOS
DE MARTIN,

     Plaintiff,

vs.
                               Case No. 3:17-cv-278-J-34PDB

MILLER ANNE PHILLIPS, and
ENTERPRISE LEASING COMPANY OF
FLORIDA, LLC d/b/a ALAMO RENT-A-CAR,

     Defendants.
_____/

## O R D E R

    **THIS CAUSE** is before the Court sua sponte.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.  See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

    On March 9, 2017, Defendant Enterprise Leasing Company of Florida, LLC d/b/a Alamo Rent-A-Car (Alamo) filed a Notice of Removal (Doc. 1; Notice), removing this action

from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. In the Notice, Alamo asserts that "[t]his Court has jurisdiction over this action, based on diversity of citizenship, pursuant to 28 U.S.C. § 1332 . . . ." See Notice at 2. In support of the assertion regarding diversity of citizenship, Alamo asserts that it is a "a foreign limited liability company with its principal address in St. Louis, Missouri." See id. In addition, Alamo alleges that "the other named defendant, Miller Anne Phillips, was and is residing in Ponte Vedra Beach, St. Johns County, Florida." Id. These allegations are insufficient to establish the citizenship of those parties, and as such, the Court is unable to determine whether it has subject matter jurisdiction over this action.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Relevant to this action, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, to sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of each of the limited liability company's members, be it an individual, corporation, LLC, or other entity. See id. Since Alamo is a limited liability company, Alamo must identify the citizenship of each of its members.

With respect to Phillips, in order to establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is

absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Accordingly, the assertion in the Notice as to Miller's residence is insufficient to establish her citizenship for diversity purposes. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'"). In light of the foregoing, the Court will give Alamo an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over the action.[1]

In addition to the jurisdictional problems with the Notice, the Court notes that Alamo fails to comply with the procedural requirements for removal as well. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Thus, in cases involving multiple defendants, the removing defendant must obtain the consent of all other defendants who have been properly served at the time of removal. See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1044, 1049 (11th Cir. 2001); Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1261 n.9 (5th Cir. 1988); see also Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202,1207(11th Cir. 2008). Here, Plaintiff's Complaint and Demand for Jury Trial (Doc. 2; Complaint) names two Defendants, Alamo and Phillips, but the Notice fails to indicate

---

[1] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

3

whether Phillips consents to removal.[2] Nonetheless, because failure to comply with the unanimity requirement is a procedural and not a jurisdictional defect, see Russell Corp., 264 F.3d at 1044; In re Bethesda Mem'l Hosp., Inc., 123 F.3d 1407, 1410, 1140 n.2 (11th Cir. 1997), the Court will not sua sponte remand the case based on this error. See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004) (per curiam) ("[T]he district court may not sua sponte decide to remand the case for any procedural defect other than lack of subject matter jurisdiction.").

Moreover, 28 U.S.C. § 1441(b)(2), which governs the removal of a state action to federal court by a defendant, provides: "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In accordance with this statute, a defendant may only remove a case to federal court based upon diversity jurisdiction if no properly named defendant is "a citizen of the state in which such action is brought." Caterpillar v. Lewis, 519 U.S. 61, 68-69 (1996) (quoting 28 U.S.C. § 1441(b)); see also Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) (finding that "diversity will not support removal jurisdiction . . . if any of the properly joined defendants are citizens of the state in which the suit was originally filed."). Thus, remand may be warranted when a case is removed on diversity of citizenship grounds and there is a properly joined defendant who is a citizen of the state in which the action was filed. See Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) (citing Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005) (citing 28 U.S.C. § 1441(b)). In this

---

[2] The Court notes that Phillips has appeared in this action and answered the Complaint, see Answer of Defendant Miller Anne Phillips (Doc. 3), thus she does not appear to be an unserved defendant.

4

case, although insufficiently alleged for the reasons stated above, Alamo's allegations suggest that Defendant Phillips is likely a citizen of the state of Florida. See Notice at 2. If Phillips is a citizen of Florida—the state in which this action was filed—then the removal of this action would be barred by § 1441(b).[3]

In light of the foregoing, the Court will give Alamo an opportunity to provide the Court with additional information to establish the citizenship of Alamo and Phillips, and this Court's diversity jurisdiction over the instant action. To the extent Plaintiff Ana Maria Soledad Berrios de Marin intends to challenge the removal based on the aforementioned defects, the Court will direct Plaintiff to file a motion to remand no later than **April 10, 2017**. Accordingly, it is

**ORDERED**:

---

[3] As stated above, a district court may not sua sponte remand a case based upon a procedural defect. See Yusefzadeh, 365 F.3d at 1245. Accordingly, while the Court may remand sua sponte for lack of subject matter jurisdiction, the Court "must wait for a party's motion before remanding a case based on [a] procedural defect" in the removal process. Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1320-21 (11th Cir. 2001). However, a plaintiff may waive such procedural defects by failing to move to remand within thirty days of the removal. See id.; see also 28 U.S.C. § 1447(c). Neither the Supreme Court nor the Eleventh Circuit Court of Appeals has directly addressed the question of whether removal of a diversity action by a defendant who is a citizen of the forum state is a waivable procedural defect or a jurisdictional defect. See Lincoln Prop. Co., 546 U.S. at 90 n.6 ("Although we have not addressed the issue, several lower courts have held that the presence of a diverse but in-state defendant in a removed action is a 'procedural' defect, not a 'jurisdictional' bar, and that the defect is waived if not timely raised by the plaintiff.") (citing 14C C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3739, pp. 451-57 & nn. 32-37 (3d ed. 1998)); see also Snapper Inc. v. Redan, 171 F. 3d 1249, 1257-58 (11th Cir. 1999) (recognizing circuit split as to whether removal by forum-state defendant is procedural or jurisdictional defect and suggesting in dicta that the better interpretation is that the defect is procedural); Bregman v. Alderman, 955 F.2d 660, 663 (11th Cir, 1992) (per curiam) (commenting in dicta that removal by defendant who was citizen of forum state was a procedural, rather than jurisdictional, defect); Murphy v. Aventis Pasteur, Inc., 270 F. Supp. 2d 1368, 1374 & n.8, 1375 (N.D. Ga. 2003) (recognizing that "[t]he question of whether the forum defendant rule is jurisdictional is an unsettled one" and adopting the "majority view" that "the forum defendant rule of § 1441(b)" is a waivable procedural defect); but see Elias v. Am. Nat'l Red Cross, 271 F. Supp. 2d 1370, 1373 (N.D. Ala. 2003) (acknowledging divergent authority and concluding that the forum defendant rule was "intended as an actual subtraction from the subject-matter jurisdiction that would otherwise be afforded by 28 U.S.C. § 1332, and did not simply create a potential, waivable procedural defect").

1. Defendant Enterprise Leasing Company of Florida, LLC d/b/a Alamo Rent-A-Car shall have until **March 28, 2017**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

2. Plaintiff Ana Maria Soledad Berrios de Martin shall have up to and including **April 10, 2017**, to file a motion to remand in this action, if she so chooses.

**DONE AND ORDERED** in Jacksonville, Florida, this 16th day of March, 2017.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties